**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 14-20359

NORVASS WISDOM,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR MODIFICATION OF RESTITUTION PAYMENT**

Defendant Norvass Wisdom was convicted after pleading guilty to one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. (ECF No. 64.) As part of her plea agreement, Defendant admitted to billing "Medicare for psychotherapy services that were not medically necessary, were never provided, or were for beneficiaries who were not present." (ECF No. 29, PageID.87.) Defendant and others billed approximately $4.7 million to Medicare, and Medicare ultimately paid Defendant and co-conspirators over $900,000, although she did not concede that the entire amount was attributable to fraudulent billing. (*Id.*) The court sentenced Defendant to forty-two months imprisonment and ordered a restitution payment of $901,545.13. (ECF No. 64.) She last made a restitution payment on April 19, 2021. (ECF No. 145-1, PageID.825.) Before the court is Defendant's motion to modify her restitution payment schedule; she seeks to reduce her monthly payment to $50 per month.[1] (ECF No. 143.)

---

[1] Defendant's motion states that her current payments are $200 per month, but the government contends this is an error, as her restitution payments during supervised release were set at $100 per month in September 2019. (ECF No. 145,

The government filed a response. (ECF No. 145.) Defendant did not submit a reply.

Where restitution is ordered, a court may adjust the order under 18 U.S.C. §§ 3664(k), 3572, or 3613A. *See* 18 U.S.C. § 3664(o)(1)(D). In her motion, Defendant cites §§ 3613A and 3664(k) as a basis for modification.[2] (ECF No. 143, PageID.813.)

Under § 3613A, a court has discretion to adjust a restitution payment schedule "[u]pon a finding that the defendant is in default on a payment of . . . restitution." In determining the appropriate course of action, a court considers a defendant's "employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution." § 3613A.

Here, Defendant has not proffered a sound basis to justify the modification of her restitution payments. Even if the court found she was in "default" of her payment of restitution as required under § 3613A, adjustment of Defendant's payment schedule is unwarranted.[3] While she states, without providing any evidence, that her "employment status and earning ability have been detrimentally impacted by her plea and judgment of conviction as well as her sentence," merely asserting that her conviction has adversely

---

PageID.820.) Defendant's "Offender Payment History" spreadsheet and probation documents confirm this. (ECF No. 145-1, PageID.825.)

[2] The title of Defendant's motion indicates she is requesting modification "pursuant to 3664(k)," but it seems she also advances her argument pursuant to § 3613A.

[3] To the extent that either party believes Defendant is in "default" as provided under 18 U.S.C. § 3572(i), the court notes that there has been no indication from the parties that proper notification has been given to Defendant regarding any default or delinquency. *See United States v. Woodard*, No. 1:08-CR-191, 2016 WL 9406086, at *2 (W.D. Mich. June 24, 2016) (describing the default notification process under 18 U.S.C. §§ 3572 and 3612(c)-(e)).

2

affected her is insufficient to support an adjustment of her payments. *Cf. United States v. Armstrong*, No. 17-MC-50464, 2018 WL 2041835, at *4 (E.D. Mich. May 2, 2018) (denying a modification of a restitution order under 3664(k) because "[s]imply stating that the recent garnishments have created a financial hardship and providing a personal itemized budget is insufficient"). There appears to be no reason to adjust her payment schedule; as noted by the government, there is nothing in Defendant's motion demonstrating that her "financial situation has changed from the time she was placed on supervised release [in August 2019] to today." (ECF No. 145, PageID.145.)

In this regard, modification of Defendant's payments is also unwarranted under § 3664(k). Under this provision, the court may modify or "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." § 3664(k). However, before a court may alter restitution payments, there are prerequisite procedures that must be followed. Specifically, a defendant seeking modification of restitution must "notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *Id.* The Attorney General must then "certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances." *Id.* Only after the parties follow these steps may the court consider an adjustment of a defendant's payment schedule.[4]

Here, Defendant has not followed the proper procedures or otherwise shown a basis for modification of her payment schedule. She has not indicated—either to the

---

[4] The court previously made Defendant aware of § 3664(k)'s requirements in its order dated July 13, 2018, when it denied her initial attempt to modify her monthly payments. (ECF No. 116, PageID.645.)

3

Attorney General or the court—that there has been a material change in her economic circumstances that affects her ability to pay restitution. (ECF No. 145, PageID.822.) If Defendant has actually endured such a change and believes modification of her payment schedule is appropriate, she should notify the government using the forms sent to her by the United States Attorney's Office. (*Id.*) Then, the government should notify the victim (the Medicare Trust Fund) and certify that fact to the court. Only after these steps are taken will the court have the authority to modify Defendant's restitution under § 3664(k). And in any event, providing an itemized budget without any supporting documentation fails to convince the court that there is good reason to amend her restitution payments at this time. *See, e.g.*, *Armstrong*, 2018 WL 2041835, at *4; *United States v. Trumball*, No. 1:06-CR-228, 2008 U.S. Dist. LEXIS 32098, at *1 (W.D. Mich. Apr. 18, 2008) ("While the district courts have authority to modify restitution schedules based on a material change to [a defendant's] financial condition . . . the instant motion is lacking in sufficient detail concerning Defendant's finances and is without supporting documentation."); *United States v. Fields*, No. 99-CR-0286 (KBJ), 2020 WL 32990, at *3 (D.D.C. Jan. 2, 2020) ("[The defendant] makes conclusory allegations that it is hard for her to pay off the debt. . . . That is not enough.").

In sum, a modification of Defendant's restitution payment schedule is unwarranted under both §§ 3613A and 3664(k). Defendant has not provided any evidence that an adjustment is necessary other than a plain statement that her monthly income and restitution obligations make it "barely sufficient to take care of her own financial obligations." (ECF No. 143, PageID.812.)

Accordingly,

4

5

IT IS ORDERED that Defendant's "Motion to Modify Defendant's Restitution Pursuant to 3664(k)" (ECF No. 143) is DENIED.

s/Robert H. Cleland                  /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 25, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                       /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\14-20359.WISDOM.MotionToModifyRestitution.MAZ.docx